# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **RICHARD NATHANIEL QUINN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV176 |
| | ) | |
| **MAJOR WAYNE JAMES, et al.,** | ) | |
| | ) | |
| Defendant(s). | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Richard Quinn, has submitted a pro se complaint under 42 U.S.C. § 1983 and requested that he be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names Major Wayne James and Corporal Robinson, employees at the Forsyth County Detention Center, as defendants.

Plaintiff seeks to proceed as a pauper. Therefore, the Court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or malicious. 28 U.S.C. § 1915(a). For frivolous or malicious review, the Court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319 (1989). A plaintiff fails to state a claim when it appears certain that the plaintiff cannot prove any set of facts which would entitle him or her to relief. The Court

must accept all well-pled allegations and review the complaint in a light most favorable to Plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Facts must be alleged with specificity. *White v. White*, 886 F.2d 721 (4th Cir. 1989). The Court may anticipate affirmative defenses which are clear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)(en banc)(court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts). The Court may dismiss a complaint under 28 U.S.C. § 1915A even though Plaintiff has not exhausted state administrative remedies.

Plaintiff raises two possible claims for relief. First, he alleges that the Forsyth County Detention Center is employing a policy whereby it removes the mattresses and bedding from the cells of inmates housed in the disciplinary section of the jail for eighteen hours a day. He claims that this violates North Carolina prison standards which give a "'right'" to "'proper bedding.'" Second, Plaintiff asserts that the Forsyth County Detention Center is violating proper grievance procedures. He states that his grievances were not given log numbers and were deemed "'non-grievable'" even though they were grievable because they involved issues of "safety, security, or sanitation." (Docket No. 1 ¶ V.) Plaintiff encloses three inmate request forms as support for his second claim for relief.

There are multiple problems with Plaintiff's claims. Initially, it should be noted that § 1983 allows remedies for violations of federal law, not for violations of state statutes,

regulations, and policies. Plaintiff has couched his complaint in terms of violations of state laws and rules. This alone would appear to render it defective.

Even if liberally construed to allege violations of Plaintiff's federal rights, the complaint still cannot succeed. Plaintiff does not claim that the mattress policy about which he complains caused him any actual injury. *See Beverati v. Smith*, 120 F.3d 500, 504 n.5 (4th Cir. 1997)(claim would fail without injury allegation even though inmates alleged segregation in vermin infested cells smeared with feces and urine, flooding from toilet leaks, being forced to use own clothing and shampoo to clean cells, hot cells, cold food, lack of time out of cell, restrictions on educational and religious services, and that clothing, bedding, and linen were not cleaned as often as regulations required); *Henslee v. Lewis*, 153 Fed. Appx. 178, 179-80 (4th Cir. 2005)(dismissal would have been proper if no injury alleged where county jail inmate claimed he was placed in restraints for two weeks under unsanitary conditions without mattress or covers). Nor would the mattress deprivation alleged appear to be the sort of prison condition that can create a constitutional violation by itself. Plaintiff was apparently provided a mattress and bedding, just not for as long as he liked.

As for the grievances, Plaintiff's exhibits do not show that he made any complaint about an issue of safety, security, or sanitation. Instead, the forms he attaches to his complaint only request information from the Detention Center's computers setting out the dates and times when Plaintiff was placed into the disciplinary housing unit. They also ask that he be interviewed about "this matter." Nor were the forms refused. Instead, taken

together, the responses on the forms inform Plaintiff that he was not placed in that housing unit during his latest incarceration in the Detention Center and that stays in that housing unit during any prior periods of incarceration cannot be accessed. Plaintiff's own exhibits tend to refute his claim regarding grievance procedures. Any problems with log numbers would not state a violation of federal law, as opposed to state or jail regulations. Overall, the claims in Plaintiff's complaint do not state violations of his federal rights.

Even if Plaintiff's complaint could somehow be construed to raise a viable federal claim, it must still be dismissed because he requests no proper relief. Plaintiff requests only what amounts to injunctive relief. He asks that the practices about which he complains be stopped and that other unidentified remedies that will resolve the matter be employed. Plaintiff asks for no monetary damages. The problem for Plaintiff is that his complaint also states that he is no longer incarcerated in the Forsyth County Detention Center because he was transferred to a different detention center on February 16, 2009. (Docket No. 2 ¶ III.) Therefore, Plaintiff's relief request is not narrowly drawn to protect himself. He also does not demonstrate standing to request an injunction on behalf of others currently incarcerated at the Detention Center. Accordingly, his request for injunctive relief is impermissibly broad and Plaintiff fails to allege that he is now in danger. Plaintiff's request for injunctive relief--the only relief he requests--should be dismissed because it is not proper.

Plaintiff is therefore not entitled to further proceed as a pauper. Plaintiff's request to proceed *in forma pauperis* should therefore not be countenanced, with the exception that *in*

*forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted a complaint for filing, however, and, notwithstanding the above determination, § 1915(b)(1) requires that an initial payment be made. Plaintiff does not appear to have funds for such a payment. Still, Plaintiff must also agree that his funds be withheld until the full filing fee is paid. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that within twenty (20) days from the date of this Order Plaintiff return the Consent to Collection form. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: March 18, 2009

ptf-ct1.frm
Section 1983-2/98

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **RICHARD NATHANIEL QUINN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | 1:09CV176 |
| ) | |
| **MAJOR WAYNE JAMES, et al.,** ) | |
| ) | |
| **Defendant(s).** ) | |

### CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, prison number _____, hereby consent:

1. for the appropriate prison officials to collect or set aside from my account on a continuing basis each month, starting the month after this action was filed, an amount equal to 20% of each month's income or deposits for the payment of filing fees and costs of this action;
2. that collection shall continue even after my case is dismissed or otherwise decided until the full filing fee and any assessed costs are paid;
3. that I may not withdraw or use any part of these 20% monthly set asides except to pay the court;
4. that the court will order the Trust Officer (or similarly designated official) to forward payments to the Clerk's Office, U.S. District Court, Post Office Box 2708, Greensboro, North Carolina 27402, until such time as the $350.00 filing fee and any assessed costs are paid in full; and
5. that I understand that <u>any violation</u> or noncompliance by me with the terms of this Consent shall result in the dismissal of the above entitled action with prejudice.

Date: _____    Plaintiff's signature: _____